————o————

## No. 5762.

## JAMES A. NEWSHAM vs. LOUIS BUCHNER.

### Syllabus.

1. Parole evidence is admissible to explain and define the scope of a receipt.

2. A declaration by a landlord, who has no right of detention other than that springing from his right of pledge, to a third person who places property on the leased premises, that the latter may remove same at pleasure, constitutes a waiver of the right of pledge.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 93,103, Hon. F. D. King, Judge.

Hall, Monroe & Lemann, Sullivan & Landry, for plaintiff and appellant.

Martin H. Manion, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

Plaintiff sued defendant claiming the ownership and demanding possession of certain palms situated on prop-

erty occupied by defendant as lessee, and the landlord has intervened asserting a privilege and right of pledge upon the palms for rent due and to become due and opposes their removal.

There was judgment below for plaintiff recognizing his right of ownership, possession and removal, and dismissing the demand of the intervenor who, together with defendant, now appeals.

The answer admits that the palms were left with defendant's consent on the leased property by plaintiff who then owned them; but sets up, by way of estoppel to the present claim of ownership, that there subsequently arose between the parties a dispute on that subject, which was settled by defendant paying a sum of money to plaintiff, who thereupon waived all pretensions of ownership and to that end executed a written receipt reciting that the sum paid was ''in full satisfaction and payment of all claims against him (defendant) of every kind whatsoever.''

Plaintiff's testimony clearly establishes that the palms belonged to him and that the controversy giving rise to the receipt pleaded in estoppel, as well as the receipt itself, had nothing whatever to do with the question of ownership of the palms. This evidence, explaining and fixing the scope of the receipt, was clearly admissible.

Levedon vs. Forstall, 4 Court of Appeal, 355.

Plaintiff's testimony is fully corroborated by that of defendant himself who, as a witness in open Court, testified positively and unequivocally that the receipt pleaded in estoppel related to a transaction foreign to any question of ownership of the palms; that he never pretended and does not now claim to be, but on the contrary admits plaintiff is and has always been the owner, and that the latter has, since the execution of the receipt, exercised acts of ownership with reference to the palms, with defendant's full knowledge and acquiescence.

It is true that when defendant subsequently testified by consent out of the presence of the Court, he undertook to deny specifically the truth of every material statement he had previously made as a witness in open Court. However, this fact is noted simply because of its bearing upon intervenor's branch of the case, for upon a consideration of the transcript we are fully in accord with the conclusion of the lower Court that plaintiff has clearly established his ownership of the palms and that defendant's attempted retraction of his solemn admissions in plaintiff's favor should be wholly disregarded.

To establish the terms of the lease and the amount of the rent due and to become due, intervenor relied exclusively on the testimony of the defendant, a witness whose unreliability has already been commented upon. His statements as to the period of beginning and of duration of the lease, as to the rent paid and mode of payment, as well as to his relation in general to his landlord, the intervenor, are vague and ambiguous, and there is lacking that degree of certainty upon which a judgment in intervenor's favor could be sustained. The lower Court properly rejected the claim.

Moreover, insofar as intervenor's right to oppose the removal of the palms is concerned, the evidence is uncontradicted that the intervenor not only knew that they belonged to the plaintiff, but stated to plaintiff that the latter might remove them at pleasure. Inasmuch as intervenor had no right of detention other than that springing from his right of pledge, his consent to their removal can be regarded in no other light than an intentional waiver of the pledge.

It is accordingly ordered that the judgment be affirmed.

Judgment affirmed.

Opinion and decree, May 5th, 1913.

Rehearing refused, June 2nd, 1913.